IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 17-00136 LEK-KSC |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| vs. | ) PURSUANT TO 28 U.S.C.<br>) § 1915(g) |
| JOHN KNIGHT, et al., | ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Pro se Plaintiff Peter R. Tia alleges that prison officials at the West Tennessee Detention Facility and at the Florence Correctional Center in Arizona violated his constitutional rights in 1999 and 2000. Tia has not paid the $400.00 filing and administrative fees to commence this action or filed an Application to Proceed In Forma Pauperis ("IFP").

**I.   28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

>state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Tia has accrued at least three "strikes" under § 1915(g).[1] Tia has been notified of these strikes and may not proceed without concurrent payment of the civil

---

[1] *See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed suit.

## II. THE IMMINENT DANGER EXCEPTION

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Tia alleges no facts showing that he was in imminent danger of serious physical injury when he commenced this action. His Complaint alleges claims that occurred on the Mainland at least seventeen years ago. Tia may not proceed in this action without

concurrent payment of the civil filing fee.

### III.  CONCLUSION

This action is DISMISSED without prejudice to refiling these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, April 4, 2017.



　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

*Tia v. Knight,* 1:17-cv-00136 LEK/KSC; 3stk 2017/Tia 17-28 lek

4